■ DOROTHY FASS et al., Respondents, v. CITY OF NEW YORK et al., Appellants, and SICILIAN ASPHALT PAVING Co., Respondent.— Interlocutory judgment, Supreme Court, New York County, entered on February 4, 1972, after trial on the question of liability, so far as appealed from, unanimously modified, on the law and the facts, so as to reinstate the cross complaint of defendant the City of New York against defendant Consolidated Edison Company of New York, Inc., and otherwise affirmed. Plaintiffs-respondents shall recover of appellant Consolidated Edison $60 costs and disbursements of this appeal. The trial court's decision dismissed the city's cross complaint on the ground that the city was an active tort-feasor and therefore could not recover over against Consolidated Edison. However, the decision was rendered before *Dole* v. *Dow Chem. Co.*, (30 N Y 2d 143) which changed the rule theretofore existing; and held that where a party has been found to have been responsible, in part, if not all, of the negligence causing injury, there may be an apportionment of damages among those responsible. Upon the record, we find that apportionment is appropriate in this case; and since the question of liability over was reserved for the court, the Appellate Division may grant the judgment that the trial court should have granted on the evidence. (*Hacker* v. *City of N. Y.*, 26 A D 2d 400, 403, affd. 20 N Y 2d 722.) We conclude that on the evidence, the damages to be assessed against defendants should be appor-

tioned equally between the city and Consolidated Edison. Settle order on notice. Concur — Stevens, P. J., Markewich, Kupferman, Murphy and Capozzoli, JJ.